## Pooley, Trustee v. Hunt Oil Company, et al.

(Decided October.19, 1926.)

### Appeal from Warren Circuit Court.

1. Bills and Notes.—Rule that note makes out a prima facie case for holder does not apply where signature of note has been cut off.
2. Bills and Notes.—In suit on note with signature cut off, the holder has the burden of proof.
3. Mortgages.—In suit to foreclose mortgage securing 68 notes, evidence held to sustain finding that 40 of the notes had been taken up and canceled.
4. Appeal and Error.—Court of Appeals gives some weight to finding of chancellor on a question of fact.

GARDNER & DENTON for appellant.

THOMAS, THOMAS & LOGAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Hunt Oil Company executed to Charles Pooley, trustee, a mortgage on an oil lease in Warren county to secure sixty-eight notes for $100.00 each. This suit was brought by the trustee to foreclose the mortgage. The defense was made that forty of the notes had been taken up and cancelled. Proof was heard and on final hearing the court entered judgment for $2,800.00, dismissing the petition as to the forty notes alleged to have been taken up. The plaintiffs appeal.

The case presents a simple question of fact. T. P. Tivy was manager of the Hunt Oil Company, which owned the lease and executed the mortgage. He needed money and Peter P. Adolph, who lives in New York, claims that he loaned Tivy $4,000, and that Tivy, as collateral security to the note executed for the loan, delivered to him the forty notes in controversy. On the other hand Tivy testifies that these notes were placed in Adolph's hands for another purpose and that later when the Hunt Oil Company made a sale of the lease they were delivered to him to be cancelled in order that the sale might be carried through; that he then cut the signature off the notes and kept them for some time, until he and Adolph had a meeting in Judge Pooley's office, at which they had a quarrel, and at Judge Pooley's suggestion he gave the notes to Judge Pooley. On the other hand,

Adolph testifies that he gave the notes to Tivy simply to show some one and that they were his property.

If Tivy's testimony is true clearly the notes are not enforceable. Ordinarily a note makes out a *prima facie* case for the holder of it, but this rule does not apply where the signature of the note has been cut off. The burden of proof in such a case is on the holder. Adolph's explanation of why he gave the notes to Tivy is unsatisfactory, for he does not show any reason why forty notes should have been delivered for the purpose he names, or why he did not sooner demand the return of the notes. It is shown that the sale went through and this mortgage stood in the way of a sale if these notes had not been cancelled. This court gives some weight to the finding of the chancellor on a question of fact and upon all the circumstances the chancellor's judgment cannot be disturbed on the facts.

Judgment affirmed.